UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JESSE COLLINS,

    Plaintiff,

vs                                                 Case No: 11-12055
                                                 Honorable Victoria A. Roberts

CITY OF FARMINGTON HILLS and
B. KERSANTY, in his individual and
official capacities,

    Defendants.

_____

## OPINION AND ORDER

Pending before the Court is Defendants' motion for summary judgment (Doc. 22). The matter is fully briefed and ready for decision.

The Court **GRANTS IN PART** Defendants' motion. The Court **DISMISSES** Count IV against the City of Farmington Hills ("the City"), and Plaintiff's claim of gross negligence, Count III. In all other respects the motion is **DENIED**. This matter will proceed to trial against Officer Brian Kersanty ("Officer Kersanty") on the remaining claims of excessive force under 42 U.S.C. § 1983 and state law assault and battery, Counts I and II.

Plaintiff says that on May 20, 2009, during a routine traffic stop of a car in which he was a passenger, Officer Kersanty used excessive force while detaining him. Plaintiff says that Officer Kersanty tased him three times, twice while he was not actively

resisting arrest.  He says that Officer Kersanty also punched him in the face and knocked out two front teeth after he was handcuffed.  Plaintiff says this use of force was excessive and unreasonable in violation of the Fourth Amendment and state law.

Defendants say they are entitled to summary judgment because there was no constitutional violation.  Defendants say Plaintiff resisted arrest and was punched so that he could be subdued and handcuffed.  Officer Kersanty says the force used was reasonable and thus, he is entitled to qualified and governmental immunity.  Officer Kersanty says that he is also entitled to qualified immunity because the law on the use of tasers was not clearly established at the time.  The City argues that it is not liable because Plaintiff cannot show an unconstitutional policy or inadequate training or that any action against him was with deliberate indifference.

The Court will grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250-57 (1986).  On a motion for summary judgment, the facts must be viewed in the light most favorable to the non-moving party.  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

The claim against the City is dismissed.  Plaintiff failed to identify a policy that would subject the City to liability.  *See Monell v. Dept. Of Social Services,* 436 U.S. 658 (1978).

Plaintiff's claim of state law gross negligence is dismissed for failure to state a claim on which relief can be granted.  The basis for Plaintiff's claim is Defendants' intentional actions--tasing and punching him.  However, Michigan "has rejected

attempts to transform claims involving elements of intentional torts into claims of gross negligence." *VanVorous v. Burmeister*, 262 Mich. App. 467, 483 - 489; 687 N.W.2d 132 (listing cases); see also *Miller v. Sanilac County*, 606 F.3d 240, 254 (6th Cir. 2010)(dismissing gross negligence because actions sounded in intentional tort arising from "conduct while effecting the arrest").

Viewing the facts most favorable to Plaintiff, the Court finds there are issues of fact which must be resolved before the Court can decide whether Officer Kersanty is entitled to immunity on the remaining claims. *See Poe v. Haydon*, 853 F.2d 418, 426 (6th Cir. 1988) (noting that a summary judgment based on a qualified immunity defense is not appropriate in a § 1983 action "if there is a factual dispute (i.e. a genuine issue of material fact) involving an issue on which the question of immunity turns").

Claims of excessive force are analyzed under an objective-reasonableness standard, which depends on the facts and circumstance of each case viewed from the perspective of a reasonable officer on the scene. *Graham v. Connor*, 490 U.S. 386, 395-96 (1989). A state law assault and battery claim is analogous to an excessive force claim; Plaintiff can only recover if Officer Kersanty's conduct was objectively unreasonable. *Miller*, 606 F.3d at 254.

Hitting an unresisting cuffed suspect is not reasonable. *McDowell v. Rogers*, F.2d 1307 (6th Cir. 1998)(holding blow to cuffed, unresisting suspect unreasonable). Tasing such a person would not be reasonable also. Plaintiff has raised an issue of fact with his own testimony. *Wysong v. City of Heath*, 260 F. App'x 848, 858 (6th Cir. 2008) ("[Plaintiff] could raise a fact question through his own testimony . . . ." on the use of excessive force).

3

For these reasons, Defendants' motion is **GRANTED IN PART**. The Court **DISMISSES** the claim against the City and Plaintiff's gross negligence claim. This matter will **PROCEED** to trial on the excessive force and assault and battery claims.

**IT IS ORDERED**.

S/Victoria A. Roberts  
Victoria A. Roberts  
United States District Judge

Dated: December 6, 2012

---

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on December 6, 2012.

S/Linda Vertriest  
Deputy Clerk

---